IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
RAYMOND HURLBURT,
Individually and on behalf of all others
similarly situated,                                          COURT FILE NO.8:19-cv-690-GLS-CFH

            Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.,

            Defendant.

---------------------------------------------------------X

## ANSWER OF FINANCIAL RECOVERY SERVICES, INC.

Defendant Financial Recovery Services, Inc. ("FRS"), as and for its Answer to the Complaint of Plaintiff Raymond Hurlburt ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, FRS admits that Plaintiff purports to paraphrase and quote portions of the Fair Debt Collection Practices Act ("FDCPA"), but denies that it is applicable as there has been no violation of law.

2. In response to paragraph 2 of Plaintiff's Complaint, FRS admits that Plaintiff purports to paraphrase portions of the FDCPA, but denies that it is applicable as there has been no violation of law.

3. In response to paragraph 3 Plaintiff's Complaint, FRS admits that the referenced statutes relate to jurisdiction, but denies that jurisdiction is proper as there has been no violation of law and Plaintiff has suffered no concrete injury.

4784678v1

4. FRS denies the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. In response to paragraph 5 of Plaintiff's Complaint, FRS admits that Plaintiff brings this matter as alleged, but denies that it violated any law.

6. In response to paragraph 6 of Plaintiff's Complaint, FRS admits that Plaintiff is seeking the demanded damages, but FRS denies that Plaintiff is entitled to any damages as there has been no violation of any law.

7. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. FRS admits the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. FRS admits the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. FRS adopts by reference all prior paragraphs as though fully set forth herein.

12. FRS admits the allegations set forth in paragraph 12 of Plaintiff's Complaint, upon information and belief.

13. FRS admits the allegations set forth in paragraph 13 of Plaintiff's Complaint, upon information and belief.

14. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. FRS admits the allegations set forth in paragraph 17 of Plaintiff's Complaint, upon information and belief.

18. In response to paragraph 18 of Plaintiff's Complaint, FRS admits that it was retained to collect upon the debt owned by LVNV.

19. FRS admits the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. In response to paragraph 20 of Plaintiff's Complaint, FRS admits that it had the letter at issue sent to Plaintiff on or about the date alleged, but denies all remaining allegations.

21. FRS admits the allegations set forth in paragraph 21 of Plaintiff's Complaint, upon information and belief.

22. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. Due to the print quality of the copy of Exhibit A, FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

24. In response to paragraph 24 of Plaintiff's Complaint, FRS denies the allegations as the account was placed with it as a pre-legal collection account.

25. FRS admits the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. FRS denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. FRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. In response to paragraph 30 of Plaintiff's Complaint, FRS admits that Plaintiff purports to paraphrase portions of the FDCPA, but denies that it is applicable as there has been no violation of law.

31. FRS denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. FRS denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. FRS denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. FRS denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. In response to paragraph 35 of Plaintiff's Complaint, FRS admits that Plaintiff brings the claims on behalf of putative classes but FRS denies that it violated any law and denies that any putative classes exists.

36. FRS denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. FRS denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. FRS denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. FRS denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. FRS denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. FRS denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. FRS denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. FRS denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. FRS adopts by reference all prior paragraphs as though fully set forth herein.

45. FRS denies the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46. FRS denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. FRS denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. FRS denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. FRS adopts by reference all prior paragraphs as though fully set forth herein.

50. FRS denies the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. FRS denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. FRS denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. In response to paragraph 53 of Plaintiff's Complaint, FRS admits that Plaintiff seeks a jury trial, but denies that Plaintiff is entitled to a jury trial as there have been no violations of any law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff's account had been designated as a pre-legal account by the creditor and FRS' letter complied with the law. *See Degrasse v. Financial Recovery Services, Inc.*, 2018 WL 2214651 (E.D.N.Y.)

### SECOND DEFENSE

Plaintiff suffered no damage from the alleged violations of the FDCPA by FRS, which FRS denies, and therefore is not entitled to any award of damages, attorney fees or costs.

### THIRD DEFENSE

All of FRS' actions have been in accordance with the FDCPA. *See Degrasse v. Financial Recovery Services, Inc.*, 2018 WL 2214651 (E.D.N.Y.)

## FOURTH DEFENSE

Any violation of the FDCPA by FRS, which FRS denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which FRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of FRS.

## SIXTH DEFENSE

FRS specifically denies that Plaintiff has suffered any actual damages; however if such damages do exist, FRS asserts that such actual damage claims are subject to the defense of failure to mitigate.

## SEVENTH DEFENSE

Any technical violation of the FDCPA was not material and therefore not actionable.

## EIGHTH DEFENSE

FRS asserts that Plaintiff's claim must be dismissed on jurisdictional grounds, as Plaintiff has not suffered a concrete and particularized injury in fact.

## NINTH DEFENSE

FRS avers that Plaintiff's claims may be subject to a binding arbitration provision and class waiver.

**WHEREFORE,** FRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against FRS with prejudice and on the merits;

2. Awarding FRS its reasonable attorney fees and costs, and,

3. Awarding FRS such other and further relief as the Court deems just and equitable.

Dated:  July 12, 2019                           By /s/ Michael T. Etmund_____
    Michael T. Etmund, NY REG # 5168331
    Moss & Barnett, PA
    150 South Fifth Street, Suite 1200
    Minneapolis  MN  55402-4129
    Telephone:  (612) 877-5000
    Facsimile:  (612) 877- 5050
    Michael.Etmund@lawmoss.com
    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2019, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Northern District's Local Rules, and/or the Northern District's Rules on Electronic Service, upon the following parties and participants:

    Yitzchak Zelman, Esq.
    *Attorney for Plaintiff*

                                           /s/ Michael T. Etmund
                                           Michael T. Etmund

4784678v1